UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GERALDINE M. WINFIELD,

        Plaintiff,

      v.

ROBERT M. GATES, Secretary
Department of Defense, et al.,

        Defendants.

Case No. 2:09-cv-244
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' motion to dismiss (Doc. # 14), Plaintiff's memorandum in opposition (Doc. # 18), and Defendants' reply memorandum (Doc. # 19). For the reasons that follow, the Court finds the motion well taken.

### I. Background

From about July 22, 2007 to April 18, 2008, Plaintiff, Geraldine M. Winfield, was employed as a materials handler in the Central Receiving Facility ("CRF") for Defense Logistics Agency Enterprise Support ("DES"), a component of the Defense Logistics Agency ("DLA"), at the Defense Supply Center Columbus ("DSCC") in Franklin County, Ohio. DLA is a component of the Department of Defense. Winfield, an African-American female, asserts that during her employment at CRF she was discriminated against on the basis of race and gender. Winfield also asserts that because she filed and participated in actions to challenge and stop this discriminatory conduct, she was subjected to further discrimination that culminated in her resignation. The details of Winfield's factual allegations are not important for purposes of resolving the instant motion.

On June 27, 2008, Winfield filed a complaint of employment discrimination with DLA. Winfield's discrimination complaint was accepted for investigation and given the title, "In The Discrimination Complaint of Ms. Geraldine M. Winfield (DLAC-08-0814)." The issue accepted for investigation was whether Winfield "was discriminated against on the basis of her sex (female), race (African American) and reprisal (prior EEO activity), when she resigned April 18, 2008, prior to receiving a letter of proposal to remove." (Doc. # 2, at 15.) On February 27, 2009, DLA issued a final decision, which stated that Winfield was not discriminated against as alleged. (Doc. # 2, at 24.)

On March 31, 2009, Winfield filed the instant action asserting federal claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 against Robert M. Gates, Secretary of Defense, James M. Flanary, Chief Operations Support, DSCC, Douglas Smith, Deputy Facility Engineer, DSCC, and Frank Walker, Materials Handler Leader, CRF, DSCC. (Doc. # 2 ¶¶ 3-7, 75-88.) Defendant Flanary, a Caucasian male, was Winfield's first-line supervisor as Chief Operations Support. (Doc. # 2 ¶ 9.) Defendant Smith, also a Caucasian male, was Plaintiff's second-line supervisor as Deputy Facility Engineer/Supervisory General Engineer. (Doc. #2 ¶ 11.) Defendant Walker, an African-American male, was the Materials Handler Leader at CRF. (Doc. #2 ¶ 12.)

On July 6, 2009, Defendants filed a motion to dismiss the claims against them brought under 42 U.S.C. § 1981 and to dismiss the claims asserted under Title VII as to Defendants Smith, Flanary, and Walker. (Doc. # 14.) On July 24, 2009, Winfield filed a memorandum in opposition (Doc. # 18), and Defendants filed a reply memorandum on July 27, 2009 (Doc. # 19). The parties have completed briefing on the motion, which is ripe for decision.

## II. Discussion

### A. Standard involved

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(1). That rule provides an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion . . . ." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction.")

Rule 12(b)(1) motions to dismiss based upon a lack of subject matter jurisdiction generally come in two varieties, either facial or factual attacks on the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 2004). A facial attack on the subject matter jurisdiction alleged by a complaint merely questions the sufficiency of the pleading. *Id.* In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, a similar safeguard employed under Rule 12(b)(6) motions to dismiss. *Id.* On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). *See also Nat'l Ass'n of Minority Contractors v. Martinez*, 248 F. Supp. 2d 679, 681 (S.D. Ohio 2002). As a result, this Court may weigh the evidence and resolve any factual disputes when adjudicating such a

jurisdictional challenge.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 2004) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

Defendants also move for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Winfield has set forth claims upon which this Court may grant relief.  Under the United States Supreme Court's articulation of the analytic standard involved in applying this rule, this Court must construe the complaint in Winfield's favor, accept the factual allegations contained in the complaint as true, and determine whether Winfield's factual allegations present plausible claims.  *See Bell Atlantic Corp . v. Twombly*, 550 U.S. 554, 570 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic* as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litig.*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))).  To be considered plausible, a claim must be more than merely conceivable.  *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007); *Tucker v. Middleburg-Legacy Place, LLC*, No. 1:07CV2015, 2007 WL 3287359, at *2 (N.D. Ohio Nov. 5, 2007).  Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ."  *Bell Atlantic Corp.*, 550 U.S. at 555.  *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).  Recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the United States Supreme Court discussed the plausibility standard articulated in *Twombly*:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it

does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id.* at 1949-50. Guided by this standard, the Court turns to the merits of Defendants' arguments.

### B. Analysis

Defendants first argue for dismissal of Winfield's 42 U.S.C. § 1981 claim (Claim II) on the ground that Title VII of the Civil Rights Act of 1964 is intended to provide the exclusive remedy for federal employees to recover for employment discrimination on the basis of race, color, religion, sex, national origin, and reprisal for prior protected activity. Because Winfield's 42 U.S.C. § 1981 claim is based on events and actions that occurred while she was employed in CRF, Defendants argue that Title VII is her exclusive remedy. Defendants rely primarily on the Sixth Circuit Court of Appeals holding in *Boddy v. Dean*, 821 F.2d 346 (6th Cir. 1987), in addition to other cases that cite the Supreme Court's decision in *Brown v. Gen. Servs. Admin. (GSA)*, 425 U.S. 820 (1976), for the proposition that this Court lacks subject matter jurisdiction to hear Plaintiff's claims other than under Title VII.

Title VII provides that "[i]t shall be an unlawful employment practice for an employer...to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex ... or to limit, segregate, or classify his employees ... in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . sex . . . ." 42 U.S.C. §§ 2000e-2(a)(1)-(a)(2). Title VII also

provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]." *Id.* § 2000e-3(a). As originally enacted in 1964, Title VII did not apply to federal employees. Congress amended Title VII by passing the Equal Employment Opportunity Act of 1972 ("EEOA"), which expressly subjects federal agencies to Title VII's prohibitions, delegates compliance authority to the Equal Employment Opportunity Commission ("EEOC"), and allows federal employees to commence civil actions in federal court for review of discrimination claims. *See* 42 U.S.C. § 2000e-16. The EEOA requires federal employees to exhaust their administrative remedies before commencing action in federal court. *Id.* § 2000e-16(c); *Brown*, 425 U.S. at 832. *See also Loeffler v. Frank*, 486 U.S. 549 (1988).

As a result of the complementary administrative and judicial enforcement scheme and the EEOA's legislative history, the Supreme Court has concluded that Congress intended Title VII to provide the exclusive remedy for federal employees in employment discrimination actions. *Brown*, 425 U.S. at 828. The Supreme Court stated that "[t]his unambiguous congressional perception seems to indicate that the congressional intent in 1972 was to create an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Id.* at 829. Further, the *Brown* Court contrasted its holding with *Johnson v. Railway Express Agency*, 421 U.S. 454 (1975), in which the Supreme Court held that Title VII did not repeal pre-existing remedies for employment discrimination and in the context of private employment did not preempt other remedies. *Johnson*, 421 U.S. at 459. The Supreme Court pointed out that "[t]he balance, completeness, and structural integrity of § 717 [Title VII] are inconsistent with the . . . contention that the judicial remedy afforded by § 717(c) was designed merely to supplement other putative judicial relief." *Brown*, 425 U.S. at 832.

Citing *Brown*, the Sixth Circuit has stated that although an employee suing a private employer may combine Title VII actions with claims under other applicable state and federal statutes, Congress chose to limit relief in suits against federal agencies charging unlawful employment discrimination exclusively to remedies within Title VII. *Boddy v. Dean*, 821 F.2d 346, 352 (6th Cir. 1987), *abrogated on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990). As Defendants note, another judicial officer in this district cited the *Boddy* case on September 25, 2008, for the proposition that Title VII is intended to provide the exclusive remedy for federal employees. *Levering v. Hinton*, No. 2:07-CV-989, 2008 WL 4425961, at *3 (S.D. Ohio Sept. 25, 2008).

Additionally, the Sixth Circuit, following *Brown*, has consistently recognized that " '[f]ederal employees must rely upon Title VII and other federal antidiscrimination statutes like the ADEA that apply to the federal government as the exclusive remedy for combating illegal job discrimination.' " *Roe v. Gates*, No. 3:03cv192, 2009 WL 3063393, at *14 (S.D. Ohio Sept. 21, 2009) (quoting *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006)). *See also Davis v. Runyon*, 142 F.3d 433, 1998 WL 96558, at *5 (6th Cir. 1998) (unpublished table decision) ("In amending Title VII [and other federal statutes] to include federal employees, Congress created an exclusive judicial remedy for claims of discrimination in federal employment."); *Forest v. United Postal Serv.*, 97 F.3d 137, 141 (6th Cir. 1996); *Day v. Wayne County Bd. of Auditors*, 749 F.2d 1199, 1204 (6th. Cir. 1984) ("[A] federal employee claiming job discrimination may proceed only under Title VII, and may not secure additional remedies by proceeding under § 1981."). For example, in *Davis v. Runyon*, the Sixth Circuit dismissed claims by a postal employee against the Postmaster General, that were brought under 42 U.S.C. § 1981 and the Ohio Revised Code Chapter 4112, on the ground that those claims attempted to remedy

discrimination in the workplace and Title VII provides the exclusive judicial remedy for such conduct. *Davis*, 142 F.3d 433, 1998 WL 96558, at *5. Other federal courts that have addressed this issue have also consistently found that Title VII provides the exclusive remedy for federal employees in employment discrimination actions. *See Pueschel v. United States*, 369 F.3d 345, 348, 352-53 (4th Cir. 2004). *See also Mathis v. Henderson*, 243 F.3d 446, 449 (8th Cir. 2001); *Misra v. Smithsonian Astrophysical Observatory*, 248 F.3d 37, 39 (1st Cir. 2001); *Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998); *Brock v. United States*, 64 F.3d 1421, 1422 (9th Cir. 1995).

Winfield nonetheless argues that because the Supreme Court acknowledged a "necessary overlap" by congressional design between Title VII and 42 U.S.C. § 1981 in *CBOCS West, Inc. v. Humphries*, 128 S.Ct. 1951 (2008), she may state a claims against Defendants under Title VII and 42 U.S.C. § 1981. Further, Winfield argues *CBOCS West* is more persuasive law because it was decided later in time than *Boddy*, cited by Defendants.

The Supreme Court held in *CBOCS West* that 42 U.S.C. § 1981 encompasses retaliation claims. *CBOCS West*, 128 S.Ct. at 1961. The Court stated that because Title VII was designed to "supplement, rather than supplant, existing laws and institutions relating to employment discrimination," a former employee's retaliation claim under 42 U.S.C. § 1981 was not preempted by Title VII. *Id.* at 1960 (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 48-49 (1974)). However, the holding in *CBOCS West* is inapposite because, as Defendants point out, the plaintiff was the assistant manager of a Cracker Barrel restaurant. *Id.* at 1954. *CBOCS West* thus involved a private employee suing a private employer, not a federal employee suing a federal employer.

Therefore, the Supreme Court did not overrule *Brown* in *CBOCS West* and, contrary to Winfield's argument, did not hold that suit against a federal agency for employment discrimination can be brought under Title VII and 42 U.S.C. § 1981.  In reaching its decision, the Supreme Court relied on *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975), which *Brown* explicitly distinguished.  *CBOCS West*, 128 S.Ct. at 1961.  The *CBOCS West* court again recognized, following *Johnson,* that a private employee suing a private employer may combine Title VII actions with claims under other applicable state and federal laws.  *Id.* at 1961 (citing *Johnson*, 421 U.S. at 461).   Indeed, since *CBOCS West* was decided*,* the Sixth Circuit Court of Appeals has again stated that Title VII provides the exclusive remedy for claims of discrimination on the basis of  race, sex, and age in federal employment.  *Hunter v. Secretary of the U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) (citing *Brown*, 425 U.S. at 829-35).

Accordingly, Winfield, a federal employee, cannot bring claims under both Title VII and 42 U.S.C. § 1981 because her exclusive remedy is under Title VII.  For this Court to hold otherwise would be contrary to the Supreme Court's interpretation of Title VII in *Brown* as well as subsequent authority.  The motion to dismiss Claim II of the Complaint is well taken.

Defendants also move for dismissal of all claims brought against Defendants Smith, Flanary, and Walker on the grounds that the Civil Rights Acts of 1964 and 1991 provide that the "head of the department, agency or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c).  Defendants acknowledge in their reply memorandum, however, that Winfield did not bring her Title VII claim in Claim I of the Complaint against any defendant but Secretary of Defense Robert M. Gates.  (Doc. # 2, at 9.)  Consequently, that erroneous portion of Defendants' motion seeking dismissal of Title VII claims against Flanary, Smith and Walker is moot.

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss Winfield's Claim II under 42 U.S.C. § 1981. (Doc. # 14.) Plaintiff's Title VII claim against Secretary of Defense Robert M. Gates in Claim I of the Complaint remains pending.

**IT IS SO ORDERED**.

                                                                  /s/ Gregory L. Frost  
                                                                 GREGORY L. FROST  
                                                                 UNITED STATES DISTRICT JUDGE